UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GIL JOEY MALONE** | **CIVIL ACTION NO. 3:15-cv-1770** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **SHERIFF LEE HAROLD** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Gil Joey Malone, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 27, 2015. Plaintiff is a prisoner in the Richland Parish Jail. He sued Sheriff Harold of Richland Parish and his Deputy, Terry Parish, claiming that they utilized unlawful police practices resulting in his arrest and current imprisonment. Plaintiff seeks an investigation into those practices and compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

According to plaintiff, on some unspecified date, a Louisiana probationer named Jerrod Ceon, was solicited by Deputy Terry Parish, to participate in an undercover drug investigation. Ceon was apparently sent to plaintiff's residence to purchase drugs from plaintiff's nephew Brandon Malone. By his own admission, plaintiff carried the "... packet to Jerrod's car at the request of [plaintiff's] nephew Brandon Malone who live with [plaintiff] and [his] father..."

According to plaintiff he "... delivered the package for my nephew and told Jerrod to never come back." According to plaintiff the employment of probationers in such undercover activities "... is in direct violation of State rules and regulations of La. Probation and Parole which is explicitly forbidden by La. Probation and Parole."

As previously noted plaintiff asks for an investigation and an order directing the defendants "to cease their illegal practice." He also seeks $2 million in compensatory damages.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2. *Heck/Wallace v. Kato* Considerations

Plaintiff was apparently arrested and charged with distribution of controlled dangerous substances. It is unclear whether he still awaits trial on this charge or whether he has been convicted and sentenced. In any event, by his own admission, he is guilty of participating in the drug transaction that resulted in his arrest and imprisonment.

If plaintiff stands convicted, he is not be entitled to seek compensatory damages for wrongful arrest and false imprisonment until such time as the conviction has been declared invalid. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, if the criminal prosecution remains pending, *Heck* does not yet apply. See *Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) Federal

courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

In this case, however, even if plaintiff has not yet been convicted, a stay is not necessary, since plaintiff's pleadings, taken as true, fail to state a claim for which relief may be granted. "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992)(citing 42 U.S.C. § 1983). Section 1983 "is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir.1999). Thus, in order to pursue a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States. *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir.2008). Here, plaintiff argues no violation of the United States Constitution or any laws of the United States; instead he contends that the defendants employed investigatory methods which were "... in direct violation of State rules and regulations..."

### *Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED THAT** plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 21, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE